AO 106 (Rev. 04/10) Application for a Search Warrant

AUTHORIZED AND APPROVED/DATE: K. Blackwell 5/22/25

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

FILED
MAY 23 2025
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _____, DEPUTY

In the Matter of the Search of )
*(Briefly describe the property to be searched or identify the person by name and address)* )
INFORMATION ASSOCIATED WITH INSTAGRAM ACCOUNT ) Case No. M-25-343-AMG
WITH USERNAME RED_SLAYER2022 AND EMAIL OF )
ZACHARY6673@GMAIL.COM THAT IS STORED AT PREMISES )
CONTROLLED BY META PLATFORMS, INC. )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment "A," which is attached and incorporated by reference herein.

located in the ___Northern___ District of ___California___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment "B," which is attached and incorporated by reference herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(5)(B) | Possessing or Accessing with Intent to View Material Containing Child Pornography |
| 18 U.S.C. § 2252A(a)(2) | Distribution or Receipt of Child Pornography |

The application is based on these facts:

See attached Affidavit of CLPD Investigator Isaac Bates, which is incorporated by reference herein.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____  #417
Applicant's signature

ISAAC BATES, CLPD INVESTIGATOR
Printed name and title

Sworn to before me and signed in my presence.

Date: 5/23/25

_____
Judge's signature

City and state: Oklahoma City, Oklahoma

AMANDA MAXFIELD GREEN, U.S. MAGISTRATE JUDGE
Printed name and title

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH INSTAGRAM ACCOUNT WITH USERNAME RED_SLAYER2022 AND EMAIL OF ZACHARY6673@GMAIL.COM THAT IS STORED AT PREMISES CONTROLLED BY META PLATFORMS, INC. | Case No. _____ |

### AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Isaac Bates, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with a certain Instagram account that is stored at premises owned, maintained, controlled, or operated by Meta Platforms, Inc. ("Meta"), an electronic communications service and/or remote computing service provider headquartered in Menlo Park, California. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Meta to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

2. Affiant is a Criminal Investigator for the Chickasaw Lighthorse Police Department (CLPD). Your Affiant is currently assigned to the Oklahoma State Bureau of Investigations Internet Crimes Against Children's Task Force (OSBI ICAC). Your Affiant has been employed

by the Chickasaw Lighthorse Police Department since February of 2022. Your Affiant began his career with the Denison Police Department in Denison, Texas, in 2007, working as a patrol officer, conducting several basic patrol functions and investigating various crimes. In 2014, your Affiant began his employment with the Grayson County Sheriff's Office in Sherman, Texas, and became a Criminal Investigator from 2015 to 2019. During this time, your Affiant was assigned to Sexual Assault investigations and Child Sexual Assault crimes, including cases of Child Sexual Abuse Material (CSAM). During Affiant's time as a Law Enforcement Officer and Criminal Investigator, Affiant has participated in numerous criminal investigations as the primary investigator or in a backup capacity. Affiant has also received significant training in criminal investigations, including investigations into violent crimes, Sexual Assault Investigations, and computer crimes.

3. As a Law Enforcement Officer, Affiant, has received approximately 2350 hours of Continuing Education from the Texas Commission on Law Enforcement (TCOLE) and held an Advanced Peace Officer License in Texas prior to transferring to Oklahoma and is currently licensed with the Oklahoma Council on Law Enforcement Education and Training (CLEET).

4. As a Criminal Investigator with the CLPD, your affiant is a law enforcement officer of the Chickasaw Nation, as well as a special commissioned law enforcement officer (SLEC) with the Bureau of Indian Affairs (BIA). Your affiant is also a United States law enforcement officer as defined by 18 U.S.C. § 2510(7), meaning that your Affiant is empowered by law to conduct investigations of and to make arrests for violations of Federal law, including violations related to child exploitation.

5. For the purposes of supporting this Application for Search Warrant, I have set forth herein facts that I believe are sufficient to establish probable cause to believe that evidence of violations of 18 U.S.C § 2252A(a)(5)(B) (Possessing or Accessing with Intent to View Material

2

Containing Child Pornography), 18 U.S.C § 2252A(a)(2) (Distribution or Receipt of Child Pornography), or other similar child sexual exploitation crime, are located in records associated with a Instagram account with username "red_slayer2022" and email "zachary6673@gmail.com," hereinafter referred to as "TARGET ACCOUNT"

6. The information in this Affidavit is based upon my personal knowledge, training, and experience, and information learned, either directly or indirectly, from witnesses, records, and other law enforcement officers and agents. This Affidavit is intended to show merely that there is sufficient probable cause for the requested Warrants and does not set forth all my knowledge about this matter.

## JURISDICTION

7. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. *See also* 18 U.S.C. §§ 2703(a), (b)(1)(A), and (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE FACTS

8. On April 22, 2024, I received a case from OSBI ICAC task force and began an investigation into Zachary Lee WHITE's involvement in the possession and distribution of Child Pornography (CLPD Case #2024-11354). The investigation began when OSBI received a cybertip from the National Center for Missing and Exploited Children (NCMEC) associated with what appeared to be WHITE's Snapchat account. Eventually, a total of three cybertips, alleging the presence or transfer of Child Sexual Abuse Material (CSAM) over the internet, were received from NCMEC and are associated with either WHITE's phone number, email, or both.

9. On April 22, 2024, I reviewed cybertip #188544129 that involved a Snapchat account with telephone number (405)695-9524, username "red_slayer69420," and a user date of

3

birth of 10/10/1992. OSBI ICAC analysts previously determined through a TLO open record search that telephone number (405)695-9524 was connected to Zachary Lee WHITE, date of birth of 10/10/1992, who lived at 1669 Cowboy LN, Blanchard, Oklahoma, which is located within the Western District of Oklahoma. On April 22, 2024, I also verified this information via an open-source search. I reviewed the images associated with the cybertip and confirmed that the images were CSAM. One image depicted a young prepubescent female engaged in sexually explicit conduct with, what appeared to be, a white female with a strap-on dildo. One image depicted a prepubescent female engaged in sexually explicit activity with a dark-skinned male. According to the cybertip, these images were uploaded or transferred using the subject Snapchat account on February 29, 2024.

10. On July 3, 2024, I reviewed cybertip #189649823 that involved an Instagram account with username "red_slayer2022" and email of "zachary6673@gmail.com." OSBI ICAC analysts previously determined through an open record search that email "Zachary6673@gmail.com" to be associated with Zachary Lee WHITE. I reviewed one of the images that was uploaded to or transferred from this Instagram account and confirmed that it was CSAM. This image depicted two prepubescent females both naked amy [naked amy] from the waist down exposing their vaginal area. According to the cybertip, several CSAM images were uploaded or transferred using the subject Instagram account on March 14, 2024, and March 15, 2024.

11. Cybertip #193635146 involved a Discord account with username "luckyshot2913" and email "zachary6673@gmail.com" (**TARGET ACCOUNT**). I reviewed the image that was uploaded to or transferred from this ~~Instagram~~ Discord amy account and confirmed that it was CSAM. This image depicted a prepubescent nude male engaged in sexually explicit conduct with a prepubescent

4

nude female laying on her back with her legs in the air. According to the cybertip, this image was uploaded or transferred using the subject Discord account on May 15, 2024.

12. On July 18, 2024, a Chickasaw Nation search warrant was executed at WHITE's residence at 1669 Cowboy Ln, Blanchard, Oklahoma and the following devices were seized: 1) WHITE's iPhone 12 Pro Max, 2) WHITE's Acer laptop, 3) WHITE's son's iPhone SE, 4) WHITE's son's HP laptop. Upon review of the devices, no CSAM was found to be present on the devices. However, upon a search of the mail application on WHITE's iPhone 12 Pro Max, an email was sent from Discord to "zachary6673@gmail.com" on June 22, 2022, stating, "you have 9 new messages." There was also an email from Discord to "zachary6673@gmail.com" notifying WHITE that his Discord account had violated community standards, which was likely related to the NCMEC cybertip discovery of CSAM on WHITE's Discord account.

13. On July 18, 2024, I interviewed WHITE regarding the NCMEC cybertips. WHITE confirmed that the email "zachary6673@gmail.com" belonged to him. WHITE also confirmed that his phone number is (405)695-9524. WHITE claimed that he does not have any social media other than Facebook. WHITE explained that he used to have Snapchat a year ago with username "luckyshot2913."

14. On May 13, 2025, WHITE was arrested by the United States Marshall Service pursuant to a federal arrest warrant in case number CR-25-167-PRW.

## BACKGROUND CONCERNING INSTAGRAM[1]

15. Instagram is a service owned by Meta, a United States company and a provider of an electronic communications service as defined by 18 U.S.C. §§ 3127(1) and 2510. Specifically,

---

[1] The information in this section is based on information published by Meta on its Instagram website, including, but not limited to, the following webpages: "Privacy Policy,"

5

Instagram is a free-access social networking service, accessible through its website and its mobile application, that allows subscribers to acquire and use Instagram accounts, like the target account(s) listed in Attachment A, through which users can share messages, multimedia, and other information with other Instagram users and the general public.

16. Meta collects basic contact and personal identifying information from users during the Instagram registration process. This information, which can later be changed by the user, may include the user's full name, birth date, gender, contact e-mail addresses, physical address (including city, state, and zip code), telephone numbers, credit card or bank account number, and other personal identifiers. Meta keeps records of changes made to this information.

17. Meta also collects and retains information about how each user accesses and uses Instagram. This includes information about the Internet Protocol ("IP") addresses used to create and use an account, unique identifiers and other information about devices and web browsers used to access an account, and session times and durations.

18. Each Instagram account is identified by a unique username chosen by the user. Users can change their usernames whenever they choose but no two users can have the same usernames at the same time. Instagram users can create multiple accounts and, if "added" to the primary account, can switch between the associated accounts on a device without having to repeatedly log-in and log-out.

19. Instagram users can also connect their Instagram and Facebook accounts to utilize certain cross-platform features, and multiple Instagram accounts can be connected to a single Facebook account. Instagram accounts can also be connected to certain third-party websites and

---

https://privacycenter.instagram.com/policy/; "Information for Law Enforcement," https://help.instagram.com/494561080557017; and "Help Center," https://help.instagram.com.

6

mobile apps for similar functionality. For example, an Instagram user can "tweet" an image uploaded to Instagram to a connected Twitter account or post it to a connected Facebook account, or transfer an image from Instagram to a connected image printing service. Meta maintains records of changed Instagram usernames, associated Instagram accounts, and previous and current connections with accounts on Meta and third-party websites and mobile apps.

20. Instagram users can "follow" other users to receive updates about their posts and to gain access that might otherwise be restricted by privacy settings (for example, users can choose whether their posts are visible to anyone or only to their followers). Users can also "block" other users from viewing their posts and searching for their account, "mute" users to avoid seeing their posts, and "restrict" users to hide certain activity and prescreen their comments. Instagram also allows users to create a "close friends list" for targeting certain communications and activities to a subset of followers.

21. Users have several ways to search for friends and associates to follow on Instagram, such as by allowing Meta to access the contact lists on their devices to identify which contacts are Instagram users. Meta retains this contact data unless deleted by the user and periodically syncs with the user's devices to capture changes and additions. Users can similarly allow Meta to search an associated Facebook account for friends who are also Instagram users. Users can also manually search for friends or associates.

22. Each Instagram user has a profile page where certain content they create and share ("posts") can be viewed either by the general public or only the user's followers, depending on privacy settings. Users can customize their profile by adding their name, a photo, a short biography ("Bio"), and a website address.

7

23. One of Instagram's primary features is the ability to create, edit, share, and interact with photos and short videos. Users can upload photos or videos taken with or stored on their devices, to which they can apply filters and other visual effects, add a caption, enter the usernames of other users ("tag"), or add a location. These appear as posts on the user's profile. Users can remove posts from their profiles by deleting or archiving them. Archived posts can be reposted because, unlike deleted posts, they remain on Meta's servers.

24. Users can interact with posts by liking them, adding or replying to comments, or sharing them within or outside of Instagram. Users receive notification when they are tagged in a post by its creator or mentioned in a comment (users can "mention" others by adding their username to a comment followed by "@"). An Instagram post created by one user may appear on the profiles or feeds of other users depending on a number of factors, including privacy settings and which users were tagged or mentioned.

25. An Instagram "story" is similar to a post but can be viewed by other users for only 24 hours. Stories are automatically saved to the creator's "Stories Archive" and remain on Meta's servers unless manually deleted. The usernames of those who viewed a story are visible to the story's creator until 48 hours after the story was posted.

26. Instagram allows users to broadcast live video from their profiles. Viewers can like and add comments to the video while it is live, but the video and any user interactions are removed from Instagram upon completion unless the creator chooses to send the video to IGTV, Instagram's long-form video app.

27. Instagram Direct, Instagram's messaging service, allows users to send private messages to select individuals or groups. These messages may include text, photos, videos, posts, videos, profiles, and other information. Participants to a group conversation can name the group

and send invitations to others to join. Instagram users can send individual or group messages with "disappearing" photos or videos that can only be viewed by recipients once or twice, depending on settings. Senders can't view their disappearing messages after they are sent but do have access to each message's status, which indicates whether it was delivered, opened, or replayed, and if the recipient took a screenshot. Instagram Direct also enables users to video chat with each other directly or in groups.

28. Instagram offers services such as Instagram Checkout and Facebook Pay for users to make purchases, donate money, and conduct other financial transactions within the Instagram platform as well as on Facebook and other associated websites and apps. Instagram collects and retains payment information, billing records, and transactional and other information when these services are utilized.

29. Instagram has a search function which allows users to search for accounts by username, user activity by location, and user activity by hashtag. Hashtags, which are topical words or phrases preceded by a hash sign (#), can be added to posts to make them more easily searchable and can be "followed" to generate related updates from Instagram. Meta retains records of a user's search history and followed hashtags.

30. Meta collects and retains location information relating to the use of an Instagram account, including user-entered location tags and location information used by Meta to personalize and target advertisements.

31. Meta uses information it gathers from its platforms and other sources about the demographics, interests, actions, and connections of its users to select and personalize ads, offers, and other sponsored content. Meta maintains related records for Instagram users, including information about their perceived ad topic preferences, interactions with ads, and advertising

9

identifiers. This data can provide insights into a user's identity and activities, and it can also reveal potential sources of additional evidence.

32. In some cases, Instagram users may communicate directly with Meta about issues relating to their accounts, such as technical problems, billing inquiries, or complaints from other users. Social networking providers like Meta typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications.

33. For each Instagram user, Meta collects and retains the content and other records described above, sometimes even after it is changed by the user (including usernames, phone numbers, email addresses, full names, privacy settings, email addresses, and profile bios and links).

34. In my training and experience, evidence of who was using Instagram and from where, and evidence related to criminal activity of the kind described above, may be found in the files and records described above. This evidence may establish the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or, alternatively, to exclude the innocent from further suspicion.

35. For example, the stored communications and files connected to an Instagram account may provide direct evidence of the offenses under investigation. Based on my training and experience, [[instant messages, voice messages, photos, videos, and documents]] are often created and used in furtherance of criminal activity, including to communicate and facilitate the offenses under investigation.

36. In addition, the user's account activity, logs, stored electronic communications, and other data retained by Meta can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a

10

search warrant at a residence. For example, subscriber information, messaging logs, photos, and videos (and the data associated with the foregoing, such as date and time) may be evidence of who used or controlled the account at a relevant time. As an example, because every device has unique hardware and software identifiers, and because every device that connects to the Internet must use an IP address, IP address and device identifier information can help to identify which computers or other devices were used to access the account. Such information also allows investigators to understand the geographic and chronological context of access, use, and events relating to the crime under investigation.

37. Account activity may also provide relevant insight into the account owner's state of mind as it relates to the offenses under investigation. For example, information on the account may indicate the owner's motive and intent to commit a crime (e.g., information indicating a plan to commit a crime), or consciousness of guilt (e.g., deleting account information in an effort to conceal evidence from law enforcement).

38. Other information connected to the use of Instagram may lead to the discovery of additional evidence. For example, associated and linked accounts, stored communications, photos, and videos may reveal services used in furtherance of the crimes under investigation or services used to communicate with co-conspirators. In addition, stored communications, contact lists, photos, and videos can lead to the identification of co-conspirators and instrumentalities of the crimes under investigation. For, example there may be evidence on the **TARGET ACCOUNT** that shows WHITE's usage of other social media platforms or communication service providers to receive, distribute, or store CSAM. Further, there may be evidence on the **TARGET ACCOUNT** that shows WHITE's usage of financial platforms that helped facilitate the purchase or sale of CSAM material.

39. Meta's servers are likely to contain stored electronic communications and information concerning subscribers and their use of Instagram. In my training and experience, such information may constitute evidence of the crimes under investigation including information that can be used to identify the account's user or users. Further, based upon information received from NCMEC cybertip #193635146, and the surrounding facts of the investigation, there is probable cause to believe that CSAM activity will be found within the **TARGET ACCOUNT** data.

## CONCLUSION

40. Based on the forgoing, I request that the Court issue the proposed search warrant.

41. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. The government will execute this warrant by serving the warrant on Meta. Because the warrant will be served on Meta, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

_(signature)_ #417
Isaac Bates
Criminal Investigator
Chickasaw Lighthorse Police Department

Subscribed and sworn to before me on May 23, 2025.

_(signature)_
AMANDA MAXFIELD GREEN
United States Magistrate Judge

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with Instagram account with username "red_slayer2022" and email "zachary6673@gmail.com" (**TARGET ACCOUNT**) that is stored at premises owned, maintained, controlled, or operated by Meta Platforms, Inc., a company headquartered in Menlo Park, California.

# ATTACHMENT B

## Particular Things to be Seized

**I.    Information to be disclosed by Meta Platforms, Inc. ("Meta")**

To the extent that the information described in Attachment A is within the possession, custody, or control of Meta, regardless of whether such information is located within or outside of the United States, and including any messages, records, files, logs, or other information that has been deleted but is still available to Meta, or has been preserved, Meta is required to disclose the following information to the government for each account or identifier listed in Attachment A:

    A.    All business records and subscriber information, in any form kept, pertaining to the account, including:

        1. Identity and contact information (past and current), including full name, e-mail addresses, physical address, date of birth, phone numbers, gender, hometown, occupation, websites, and other personal identifiers;

        2. All Instagram usernames (past and current) and the date and time each username was active, all associated Instagram and Facebook accounts (including those linked by machine cookie), and all records or other information about connections with Facebook, third-party websites, and mobile apps (whether active, expired, or removed);

        3. Length of service (including start date), types of services utilized, purchases, and means and sources of payment (including any credit card or bank account number) and billing records;

        4. Devices used to login to or access the account, including all device identifiers, attributes, user agent strings, and information about networks and connections, cookies, operating systems, and apps and web browsers;

        5. All advertising information, including advertising IDs, ad activity, and ad topic preferences;

        6. Internet Protocol ("IP") addresses used to create, login, and use the account, including associated dates, times, and port numbers, **January 1, 2024, to May 13, 2025;**

        7. Privacy and account settings, including change history; and

        8. Communications between Meta and any person regarding the account, including contacts with support services and records of actions taken;

B.  All content (whether created, uploaded, or shared by or with the account), records, and other information relating to videos (including live videos and videos on IGTV), images, stories and archived stories, past and current bios and profiles, posts and archived posts, captions, tags, nametags, comments, mentions, likes, follows, followed hashtags, shares, invitations, and all associated logs and metadata, **January 1, 2024, to May 13, 2025;**

C.  All content, records, and other information relating to communications sent from or received by the account **January 1, 2024, to May 13, 2025,** including but not limited to:

   1. The content of all communications sent from or received by the account, including direct and group messages, and all associated multimedia and metadata, including deleted and draft content if available;

   2. All records and other information about direct, group, and disappearing messages sent from or received by the account, including dates and times, methods, sources and destinations (including usernames and account numbers), and status (such as delivered, opened, replayed, screenshot);

   3. All records and other information about group conversations and video chats, including dates and times, durations, invitations, and participants (including usernames, account numbers, and date and time of entry and exit); and

   4. All associated logs and metadata;

D.  All content, records, and other information relating to all other interactions between the account and other Instagram users **January 1, 2024, to May 13, 2025,** including but not limited to:

   1. Interactions by other Instagram users with the account or its content, including posts, comments, likes, tags, follows (including unfollows, approved and denied follow requests, and blocks and unblocks), shares, invitations, and mentions;

   2. All users the account has followed (including the close friends list), unfollowed, blocked, unblocked, muted, restricted, or denied a request to follow, and of users who have followed, unfollowed, blocked, unblocked, muted, restricted, or denied a request to follow the account;

   3. All contacts and related sync information; and

   4. All associated logs and metadata;

E.  All records of searches performed by the account **January 1, 2024, to May 13, 2025;** and

   F.  All location information, including location history, login activity, information geotags, and related metadata **January 1, 2024, to May 13, 2025.**

2

Meta is hereby ordered to disclose the above information to the government within **14 days** of issuance of this warrant.

## II. Information to be seized by the government

All information described above in Section I that constitutes evidence, instrumentalities, and/or contraband of violations of 18 U.S.C § 2252A(a)(5)(B) (Possessing or Accessing with Intent to View Material Containing Child Pornography), 18 U.S.C § 2252A(a)(2) (Distribution or Receipt of Child Pornography), or other similar child sexual exploitation crimes within the account listed in Attachment A.